IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEFFERY L. CRAWFORD, § | | |
| aka Jeffery Lamar Crawford § | | |
| (BOP # 35243-044) § | | |
| § | | |
| VS. § | | CIVIL NO.4:14-CV-1017-Y |
| § | | |
| UNITED STATES OF AMERICA § | | |

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION,
FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING
IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g)
AND ORDERING PLAINTIFF TO PAY FULL FEES

This civil action was initiated by the filing of a civil complaint by Bureau of Prisons' inmate Jeffrey L. Crawford. On January 23, 2015, the magistrate judge entered a findings, conclusions, and recommendation that Plaintiff not be allowed to proceed under 28 U.S.C. § 1915 because he previously incurred more than three "strikes" under 28 U.S.C. § 1915(g), and had not claimed in this case that he was under imminent danger of serous physical injury.[1] The report also recommended that Plaintiff be required to pay the full filing and administrative fees. The Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on January 23, 2015; and

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

>    3.   The petitioner's motion for a writ of mandamus, which was construed as written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 5, 2015.[2]

The Court, after **de novo** review, concludes that, for the reasons stated by the magistrate judge, Plaintiff's objections must be overruled, Plaintiff is not entitled to proceed in forma pauperis, and must pay the filing fee.

Furthermore, as to Crawford's arguments in the document construed as written objections that the imposition of the bar to filing in forma pauperis under 28 U.S.C. § 1915(g) is an unconstitutional denial of his right of access to court, such argument has been directly rejected by the United States Court of Appeals for the Fifth Circuit. *See Cloud v. Stotts,* 455 F. App'x 534, 2011 WL 6845879, at *1 (5th Cir. Dec, 29, 2011) (prisoner's "assertion that § 1915(g) is unconstitutional because it seeks to chill a prisoner's access to the courts is without merit") (citing *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). Crawford's argument is rejected and his objections are overruled.

Accodingly, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Plaintiff Jeffrey L. Crawford (BOP 35243-044) is not entitled to proceed *in forma pauperis* in this action. If plaintiff Crawford wishes to proceed with this action, he must pay to the clerk of

---

[2]The Court has twice extended time for Crawford to file written objections to the magistrate judge's report. Although Crawford has not timely filed objections, he filed a motion for writ of mandamus that includes arguments related to the recommendation, and thus that document is considered as written objections.

Court the full filing and administrative fees of $400.00 within fourteen (14) days of the date of this order or no later than **April 22, 2015**.[3] Plaintiff is advised that failure to timely pay the full filing and administrative fees to the clerk of Court could result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).[4]

SIGNED April 8, 2015.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3] Although the Court would normally give an inmate plaintiff thirty days to pay a filing fee, as Plaintiff has previously been notified of the bar to filing under § 1915(g), the Court concludes that fourteen days to comply is sufficient.

[4] *See Hickerson v. Christian*, 283 F. App'x. 251 (5th Cir. 2008)(A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962)(a court may dismiss for lack of prosecution under its inherent authority).

3